UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PLATEAU CASUALTY INSURANCE COMPANY and PLATEAU WARRANTY COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>SECURRANTY, INC.,<br><br>    Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Plateau Casualty Insurance Company ("PCIC") and Plateau Warranty Company ("PWC") (collectively, PCIC and PWC are "Plateau"), by and through undersigned counsel, sets forth the following claims against Defendant Securranty, Inc., and, for its claims for relief, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff PCIC is a Tennessee corporation with its principal place of business at 2701 North Main Street, Crossville, Tennessee 38555.

2. Plaintiff PWC is a Tennessee corporation with its principal place of business at 2701 N. Main Street, Crossville, Tennessee 38555.

3. Defendant Securranty, Inc. ("Securranty") is a Texas corporation with its principal place of business at 15995 North Barkers Landing, Suite 210, Houston, Texas 77079.

4. This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question, and pursuant to 28 U.S.C. § 1332 because the amount in

controversy, excluding interest and costs, exceeds $75,000 and this action is between citizens of different states.

5. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391 and pursuant to section N.5. of the parties' January 1, 2020 Administration Insured Program Agreement ("Agreement"), which states in part: "Venue and jurisdiction shall be the applicable state or federal court in Cumberland County, Tennessee, or the U.S. District Court, Middle District of Tennessee, as applicable."

## FACTUAL ALLEGATIONS

6. PCIC is an insurance company that offers a variety of insurance products, and PWC is in the business of administering consumer warranty products.

7. Securranty sells extended warranties for various products including laptops, tablets and cell phones. Securranty also sells certain insurance products, which are issued by PCIC.

8. Effective January 1, 2020, Plateau and Securranty entered into the Agreement. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

9. Under the Agreement, Securranty entered into contracts with third parties, whereby Securranty provided extended warranties for various products. Those warranties were backed by Contractual Liability Insurance Policies ("CLIPs") issued by PCIC. Securranty contractually agreed to pay premiums to Plateau under the Agreement, and to provide the data Plateau required to service and administer the business.

10. Pursuant to the terms of the CLIPs, PCIC could be financially responsible to make payments on Securranty warranties if Securranty failed to make those payments.

11. Additionally, Securranty could sell PCIC insurance products to customers. Those insurance products could make PCIC liable "first dollar" for claims made by Securranty customers.

12. On July 30, 2021, Plateau sent Securranty an Agreement Cancellation Letter based on Securranty's failure to timely pay premiums and provide the data that Plateau needs to service and administer the business.

13. On November 2, 2021, Plateau sent Securranty a follow up letter agreeing to Securranty's request that Plateau withdraw its July 30, 2021 Agreement Cancellation Letter based on Securranty's payment of outstanding premiums. Of note, Plateau wrote:

> Plateau must continue to receive full and timely payment for all future contracts. Plateau understands that it has not fully enforced its rights under its agreements with Securranty. For the avoidance of doubt, Plateau has not waived any of its contractual rights to-date, and it is not waiving any of its contractual rights now. Rather, Plateau has voluntarily granted you a forbearance and refrained from exercising its rights, because you have increased efforts to supply Plateau with corrected premium and claims data files, and because we conducted a face-to-face meeting to better understand your process and your needs. However, *Plateau is not willing to entertain further breaches of your obligations, and if you miss a future premium payment, Plateau will enforce its rights and immediately begin formal cancellation procedures*. (emphasis added)

14. Securranty failed to make a premium payment due on December 10, 2021.

15. Securranty failed to send premium or claim files for its November and December transactions, which were due in December 2021 and January 2022, respectively.

16. Securranty failed to comply with its obligations under Agreement section E.1.a, f and j.; section E.2.a, b, c and f; section E.3.a, f and g, and sections G and H.

17. On December 15, 2021, Plateau sent Securranty a Cease and Desist letter pursuant to Agreement section C.2.(d), directing Securranty to "immediately cease issuing new Service Contracts or Insurance Policy Certificates that are insured or provided by Plateau[.]"

18. On December 20, 2021, Securranty wrote an email to Plateau acknowledging the need to end the relationship between Plateau and Securranty. Securranty's Sadiq Dosani wrote: "*It may be best that we have a conversation to exit this relationship as I don't need termination emails every time I sneeze or get a cold*." (emphasis added)

19. On December 30, 2021, Plateau wrote Securranty a letter providing formal notice of Plateau's cancellation of the Agreement effective December 31, 2021, and formal notice of Plateau's withdrawal of the forbearance granted to Securranty in Plateau's November 2, 2021, based on Securranty's violation of the conditions of that forbearance. In its December 30, 2021 letter, Plateau asked Securranty to confirm in writing that:

(a) Securranty has not issued any Service Contracts or Insurance Policy Certificates that are insured or provided by Plateau since the date you received Plateau's December 15, 2021 Cease and Desist letter;

(b) Securranty acknowledges Plateau's cancellation of the Agreement, effective December 31, 2021; and

(c) Securranty will pay all outstanding premiums owed to Plateau and will provide all required reports and data files by **January 15, 2022**.

20. On January 3, 2022, Securranty wrote an email to Plateau stating that: "I will follow up within the next 2 to 3 days with updated and corrected data that is pending." To date, no such data has been provided to Plateau.

21. Securranty failed to provide the requested information and overdue premium payments to Plateau by January 15, 2022, as requested in Plateau's December 31, 2021 letter.

22. On a January 26, 2022 telephone call, Securranty's Sadiq Dosani told Plateau that Securranty had stopped issuing new policies backed by Plateau. This statement by Sadiq Dosani was false when it was made. Securranty continued to issue warranties backed by Plateau paper after January 26, 2022. It is unknown whether Securranty continues to sell direct PCIC insurance policies. Securranty has not provided Plateau with proof that it has a new carrier.

23. To date, Securranty has failed to pay the outstanding premiums owed to Plateau under the Agreement. Securranty also has failed to provide the complete policy and claim files for November, December and January transactions to Plateau. The policy and claim files data that Securranty has provided to date is useless. Securranty has failed to cure any of its material breaches of the Agreement. Furthermore, Securranty continues to use Plateau's name to market products to the public, putting Plateau at great risk of further financial and reputational harm.

## COUNT I: VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a)

24. The allegations in Paragraphs 1 through 22 of the Complaint are incorporated herein by reference.

25. The Lanham Act prohibits "any person who, on or in connection with any goods or services . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities . . . of his or her or another person's goods, services or commercial activities." 15 U.S.C. § 1125(a)(1).

26. The purpose of the Lanham Act is to protect persons engaged in commerce against unfair competition, including injuries to present and future sales. A plaintiff is entitled to relief under the Lanham Act when a defendant's advertising leads directly to economic or reputational injury. 15 U.S.C. § 1125(a).

27. In this case, despite the termination of the Agreement, Securranty, in connection with selling warranties to third parties, continues to falsely represent that its warranties are insured by Plateau. For example, in the "Terms and Conditions" section of Securranty's "PROTECTION PLAN SUMMARY FOLLOWED BY TERMS & CONDITIONS" (**Exhibit B** hereto), Securranty states:

> **12 Guarantee:** This is not an insurance policy. Our obligations under this Protection Plan are guaranteed under a reimbursement insurance policy issued by PLATEAU INSURANCE COMPANY, located at 2701 North Main Street, Crossville, TN 38555 and You may contact them toll free at -1-888-752-8328, if We fail to pay or provide service on a claim within sixty (60) days after proof of loss has been filed, You are entitled to make a claim directly against Insurance Company.
>
> * * *
>
> **State Variations:**
> The following state variations shall apply if inconsistent with any other terms and conditions.
>
> * * *
>
> **Florida**: The rates charged to You for this Protection Plan are not subject to regulation by the Florida Office of Insurance Regulation. The Guarantee, in Section 16, does not apply to Protection Plans sold in Florida as this Protection Plan is directly issued by the insurer, by PLATEAU INSURANCE COMPANY, located at 2701 North Main Street, Crossville, TN 38555.
>
> * * *
>
> **Washington**: Section 12 of these Terms and Conditions is deleted in its entirety and replaced with the following: This is not an insurance policy. Obligations of the service contract provider under this contract are backed by the full faith and credit of the service contract provider, by PLATEAU INSURANCE COMPANY, located at 2701 North Main Street, Crossville, TN 38555. You may contact them toll free at 888-752-8328.

(**Exhibit B** at 7-9.)

28. The above statements by Securranty—that its warranties are backed by "Plateau Insurance Company" insurance policies—are false statements of fact. Prior to the termination of the Agreement, the above statements were false because Securranty's warranties were backed by CLIPs issued by PCIC, not "Plateau Insurance Company." After the termination of the Agreement, the above statements were false because Securranty's warranties were no longer backed by CLIPs issued by any Plateau-related company.

29. The above statements by Securranty were used in a commercial advertisement or promotion.

30. The above statements by Securranty deceive or are likely to deceive third parties in a material way.

31. Securranty does business throughout the United States. The above statements by Securranty were made in interstate commerce.

32. Plateau is "within the class that may invoke the Lanham Act because [it] may suffer 'an injury to a commercial interest in sales or business reputation proximately caused by [a] defendant's misrepresentations.'" *Pom Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014)).

33. The above statements by Securranty have caused or are likely to cause irreparable harm to Plateau's reputation and commercial injury to Plateau. Securranty is falsely representing that Plateau has a legal obligation to insure warranties that Securranty sells to third parties. The fact that Securranty has repeatedly breached its contractual obligation to timely pay insurance premiums to Plateau is evidence that Securranty lacks the resources to pay warranty claims. As Securranty fails to pay warranty claims, third parties will look to Plateau (as the alleged insurer) identified in Securranty's "Terms and Conditions" to pay those claims, even though Plateau has no legal obligation to do so.

34. Securranty's violations of the Lanham Act are willful. Over a period of months, Plateau has asked Securranty in writing (and orally) to cease issuing new warranties allegedly backed by Plateau insurance policies, and to confirm that Securranty has done so. On a number

7

Case 2:22-cv-00007   Document 1   Filed 03/09/22   Page 7 of 10 PageID #: 7

of occasions, Securranty's Sadiq Dosani has falsely represented that Securranty is no longer writing warranties backed by Plateau, yet Securranty continues to do so.

35. Based on Securranty's willful violation of 15 U.S.C. § 1125(a), Plateau is entitled to injunctive relief under 15 U.S.C. § 1116(a), an award of damages (trebled), Securranty's profits and the cost of the action under 15 U.S.C. § 1117(a), and reasonable attorney's fees under 15 U.S.C. § 1117(a).

## COUNT II: BREACH OF CONTRACT

36. The allegations in Paragraphs 1 through 35 of the Complaint are incorporated herein by reference.

37. Under the Agreement, Securranty is required to pay Plateau insurance premiums.

38. Securranty is in breach of the premium payment provisions of the Agreement.

39. Securranty is in breach of the reporting provisions of the Agreement, which require Securranty to provide Plateau premium and claim files on a monthly basis. Because Securranty has failed to provide these files to Plateau, Plateau's investigation to determine whether Securranty has breached the Agreement in additional respects is ongoing.

40. Securranty is in breach of the Agreement, which requires Securranty to cease writing warranties backed by Plateau insurance policies upon termination of the Agreement.

41. Securranty currently owes Plateau insurance premiums in excess of $75,000.

42. Securranty is liable to Plateau for the unpaid insurance premiums, plus interest, costs and expenses, as determined by the premium and claim files, which Securranty should be ordered to produce.

## PRAYER FOR RELIEF

WHEREFORE, Plateau seeks a judgment in favor of Plateau and against Securranty, for the following relief:

1. Grant Plateau preliminary and permanent injunctive relief under 15 U.S.C. § 1116(a) barring Securranty from falsely representing that its warranties are backed by Plateau insurance policies;

2. Grant Plateau an award of damages (trebled), Securranty's profits and the cost of the action under 15 U.S.C. § 1117(a);

3. Grant Plateau an award of damages for Securranty's breaches of the Agreement in an amount to be proven at trial;

4. Grant Plateau pre- and post-judgment interest;

5. Grant Plateau attorney's fees, costs, and other expenses incurred in connection with this action, under 15 U.S.C. § 1117(a) or to the extent permitted by any other law; and

6. Grant Plateau such other and further relief that this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plateau hereby demands a trial by jury on all issues so triable.

Dated this 9th day of March, 2022.

                                                         *s/ Joseph B. Crace, Jr.*
Joseph B. Crace, Jr. (BPR No. 027753)
Brian F. Irving (BPR No. 033945)
Bass, Berry & Sims PLC
150 Third Avenue S.
Nashville, Tennessee 37201
Telephone: (615) 742-6200

*Of Counsel:*
Naikang Tsao (*pro hac vice* forthcoming)
Foley & Lardner LLP
150 East Gilman Street
P.O. Box 1497
Madison, Wisconsin 53701-1497
Telephone: (608) 258-4250

*Counsel for Plaintiffs Plateau Casualty Insurance Company and Plateau Warranty Company*

10
Case 2:22-cv-00007   Document 1   Filed 03/09/22   Page 10 of 10 PageID #: 10