UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PLATEAU CASUALTY INSURANCE COMPANY and PLATEAU WARRANTY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>SECURRANTY, INC.,<br><br>Defendant. | Case No. 2:22-cv-00007<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

**A.     JURISDICTION:** The Complaint asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs have asserted a claim under the Lanham Act, 15 U.S.C. § 1125(a), and pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and this action is between citizens of different states.  Defendant disputes that the Complaint states a proper claim for relief under the Lanham Act and therefore does not agree that

the Court has federal question jurisdiction under 28 U.S.C. § 1331; however, Defendant does not contest that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

B.   **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

Plaintiffs Plateau Casualty Insurance Company and Plateau Warranty Company (collectively "Plateau" or "Plaintiffs") bring this action against Defendant Securranty, Inc. ("Securranty" or "Defendant") for violation of the Lanham Act, 15 U.S.C. § 1125(a), and breach of contract. Securranty is in the business of selling to consumers extended warranties for various consumer products including laptops, tablets, and cell phones, certain of which are backed by Contractual Liability Insurance Policies ("CLIPs") issued by Plateau.

As set forth in the Complaint, Plaintiffs have terminated their contractual relationship with Defendant due to Defendant's repeated failure to honor its obligations under the parties' contract, including but not limited to Defendant's continued failure to make premium payments due under the contract (which remain due and owing) and to provide Plaintiffs with claim files and other required information. Despite being served with a cease-and-desist letter directing Defendant to "immediately cease issuing new Service Contracts or Insurance Policy Certificates that are insured or provided by Plateau," Defendant has continued to market and sell such contracts and policies to consumers, despite having no authorization to do so, contractual or otherwise.

Plaintiffs assert that Defendant is liable under the Lanham Act, 15 U.S.C. § 1125(a), for making false statements of fact in a commercial advertisement or promotion that have caused or are likely to cause injury to Plaintiffs. Specifically, even though the agreement between Plaintiffs and Defendant has been terminated, and Plaintiffs have directed Defendant to cease-and-desist from engaging in its unlawful conduct, Defendant has continued to market and sell warranties to

third parties, which falsely represent that the warranties are backed by Plateau Insurance Company insurance policies. Defendant is also liable to Plaintiff for breach of contract for, among other things, failing to pay required insurance premiums to Plaintiffs, which remain due and owing, and failing to cease writing warranties backed by Plaintiffs' insurance policies upon termination of the agreement between and among the parties.

By bringing this action, Plaintiffs are seeking, *inter alia*, injunctive relief barring Defendant from continuing to falsely represent that its warranties are backed by Plateau insurance policies; treble damages and an award of profits and costs pursuant to 15 U.S.C. § 1117(a); damages stemming from Defendants' breaches of the parties' contract in excess of $75,000 (with an exact amount to be proven at trial); pre- and post-judgment interest; and an award of attorney's fees, costs, and other expenses incurred in connection with this action to the extent permitted by the Lanham Act or any other law.

**DEFENDANT:**

Securranty and Plaintiffs (along with other affiliates) were in a business relationship that involved insuring products and insuring warranties on products—a relationship that has been lucrative for Plaintiffs. This complex arrangement depended on properly accounting for a vast quantity of data, and working in concert to address glitches and other challenges relating to that data. Securranty has attempted to engage with Plaintiffs in good faith, has never refused to pay what it owed, and has provided proof of reserve funds. Any suggestion that Securranty is unable to back its warranty obligations is utterly false. As for Plaintiffs' Lanham Act claim, it is not viable even on the face of the Complaint, nor is there any evidence of any willfulness. Securranty will disclose its counterclaims, if any, when it files an Answer to the Complaint.

C. **ISSUES RESOLVED:**

The parties agree that the Court has diversity jurisdiction and that venue is proper in this Court.

D. **ISSUES STILL IN DISPUTE:**

All issues as to liability and damages are still in dispute.

E. **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **May 27, 2022**.

F. **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, which is **August 26, 2022**. By no later than that date, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The report shall state the specific steps taken toward case resolution, including that an offer or demand has been made and responded to and that counsel have discussed the parties' positions. The parties shall have conducted enough discovery or otherwise exchanged sufficient information to evaluate and discuss settlement substantively. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of this requirement. If the parties request referral for pro bono mediation or to a Magistrate Judge for a judicial settlement conference, they must make that request by motion. The motion shall include a statement as to why private mediation is not feasible and, if a judicial settlement conference is requested, why that is the preferable means of resolving the particular case. An updated joint report, including whether the parties have scheduled mediation or another form of ADR, shall be filed no later than 60 days before the deadline for the filing of dispositive motions.

The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

G.   **DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before **December 15, 2022**. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than **November 15, 2022**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s).

If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference, the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than **January 13, 2023**.

H.   **MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than **August 18, 2022**.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

I. **DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **February 9, 2023**. The defendant shall identify and disclose all expert witnesses and expert reports on or before **March 23, 2023**. All expert witnesses shall be deposed on or before **April 20, 2023**.

No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

J. **NEXT CASE MANAGEMENT CONFERENCE:**

A case management conference with the Magistrate Judge will be held by telephone on **July 28, 2022, at 9:30 a.m**. Counsel shall be prepared to address the status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. Unless otherwise instructed, counsel shall call (888) 557-8511 and enter access code 7819165# to join the call.

K. **DISPOSITIVE MOTIONS:**

Dispositive motions shall be filed by no later than **June 15, 2023**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary

judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

L.   **ELECTRONIC DISCOVERY:**

The parties have discussed electronic discovery and agreed that, by the time initial disclosures are due, they will meet and confer on the exchange of information contemplated by Paragraph 2 of Administrative Order 174-1 and make a good faith effort to reach agreement on any electronic discovery issues. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. Any agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it as a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

M.   **MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

N.  **REQUESTS TO SEAL DOCUMENTS:**

Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

O.  **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The jury trial of this action is expected to last approximately **3 days**. The target trial date is **December 12, 2023**. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge