UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| PLATEAU CASUALTY INSURANCE COMPANY et al., <br><br> Plaintiffs, <br><br> v. <br><br> SECURRANTY, INC., <br><br> Defendant. | Case No. 2:22-cv-00007 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Plaintiffs Plateau Casualty Insurance Company and Plateau Warranty Company (collectively, Plateau) brought this civil action against Defendant Securranty, Inc., asserting claims arising out of the dissolution of the parties' contractual business relationship. (Doc. No. 1.) Plateau has filed a motion for leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2) to add a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, and certain factual allegations in support of its existing breach-of-contract claim. (Doc. Nos. 37, 37-1.) Securranty has filed a motion for a protective order under Federal Rule of Civil Procedure 26 asking the Court to limit Plateau's interrogatories and requests for production of documents. (Doc. No. 40.) For the reasons that follow, Plateau's motion for leave to amend will be granted and Securranty's motion for a protective order will be denied.

**I.     Relevant Background**

Securranty sells extended warranties for consumer products—including laptops, tablets, and cell phones—and also sells certain insurance products. (Doc. No. 1.) Under the parties' signed business agreement, Plateau agreed to issue contractual liability insurance policies to back

Securranty's extended warranty contracts with third parties and, in exchange, Securranty agreed to pay premiums to Plateau and provide it with certain claims data. (*Id.*; Doc. No. 1-1.) Plateau alleges that it sent Securranty an agreement cancellation letter on July 30, 2021, because Securranty failed to pay premiums and provide claims data as required by the agreement's terms. (Doc. No. 1.) Securranty paid the outstanding premiums and asked Plateau to withdraw its agreement cancellation letter. (*Id.*) Plateau withdrew the letter, but reserved its contractual rights and warned Securranty that any further failures to comply with the agreement would result in cancellation. (*Id.*)

Plateau alleges that Securranty again failed to make a premium payment on December 10, 2021, and failed to send premiums or claim files for its November and December transactions. (*Id.*) Plateau sent Securranty a cease-and-desist letter on December 15, 2021, instructing Securranty to stop selling warranty contracts or insurance products that were insured or issued by Plateau. (*Id.*) On December 30, 2021, Plateau notified Securranty that Plateau was cancelling the parties' agreement effective December 31, 2021. (*Id.*) Plateau asked Securranty to confirm in writing that it had not issued any extended warranty contracts or insurance products involving Plateau since receiving the December 15, 2021 cease-and-desist letter. (*Id.*) During a January 26, 2022 phone call, Securranty's CEO told Plateau that Securranty had stopped issuing new warranties and policies that involved Plateau; Plateau alleges that this statement was false and that Securranty continued to advertise and sell extended warranties purportedly insured by Plateau after that date. (*Id.*) Plateau further alleges that Securranty failed to pay outstanding premiums or provide complete policy and claim files to Plateau for transactions in November and December 2021 and January 2022. (*Id.*)

Plateau initiated this action by filing a complaint asserting claims of false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and breach of contract under Tennessee law against Securranty. (*Id.*) Plateau's complaint seeks injunctive relief and monetary damages. (*Id.*) On Securranty's motion, the Court dismissed Plateau's Lanham Act false advertising claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. (Doc. Nos. 20, 34.) Plateau's breach-of-contract claim remains pending, and it is undisputed that the Court has diversity jurisdiction over that claim under 28 U.S.C. § 1332.

Plateau has moved for leave to file an amended complaint under Rule 15(a)(2). (Doc. No. 37.) The proposed amended complaint adds a new claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, asking the Court to declare that the parties' agreement terminated on December 31, 2021, and that Plateau has no legal obligation to pay claims arising out of warranties Securranty sold to third parties after that date. (Doc. No. 37-1.) It also adds allegations in support of Plateau's breach-of-contract claim. (*Id.*) Securranty opposes Plateau's motion to amend, arguing that the declaratory judgment claim is futile because Securranty does not contest that the parties' agreement terminated on December 31, 2021, and that Plateau has no legal obligation to pay claims arising out of warranties sold after that date. (Doc. No. 42.) It further argues that the additional factual allegations are irrelevant and prejudicial. (*Id.*) Plateau replies that Securranty has not shown grounds for denying leave to amend under Rule 15(a)(2). (Doc. No. 46.)

Securranty's motion for a protective order concerns Plateau's first set of interrogatories and requests for production of documents, which Plateau served while Securranty's motion to dismiss the false-advertising claim was still pending. (Doc. Nos. 40, 41.) Specifically, Securranty seeks a protective order excusing it from replying to interrogatories one through seven—which request information regarding Securranty's representations to customers about Plateau and

3

Case 2:22-cv-00007    Document 53    Filed 03/22/23    Page 3 of 9 PageID #: 368

information regarding successor insurance carriers—and requests for production one, two, and seven—which request any agreements between Securranty and successor carriers, communications between Securranty and successor carriers about extended warranty payments, and any other documents substantiating or supporting Securranty's answers to interrogatories one through seven. (Doc. Nos. 40, 41.) Securranty argues that these interrogatories and document requests seek information that was only relevant to Plateau's false-advertising claim and, thus, are no longer appropriate. (Doc. No. 41.) Plateau responds that these interrogatories and requests are relevant to its breach-of-contract claim and request discoverable information. (Doc. No. 43.) Securranty did not file an optional reply in support of its motion.

**II.     Analysis**

    **A.     Plateau's Motion for Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse

of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing de novo district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201. "The Act is 'an enabling Act, which confers discretion on the court rather than an absolute right upon the litigant.'" *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). In other words, "[t]he Declaratory Judgment Act empowers the district court to entertain certain actions, but it does not compel it to exercise the jurisdiction thus granted to it." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). Courts in this circuit look to five factors, often referred to as the *Grand Trunk* factors, in determining whether to exercise jurisdiction over an asserted declaratory-judgment claim:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Cardinal Health, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 29 F.4th 792, 796–97 (6th Cir. 2022) (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)). "[T]he factors are not, of course, always equal." *W. World Ins. Co.*, 773 F.3d at 759. Rather, "[t]he relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case. The essential question is always . . . whether issuing a declaration would be useful and fair." *Id.*

Plateau seeks leave to add a claim for a declaration that the parties' agreement terminated on December 31, 2021, and that Plateau has no legal obligation to pay claims on extended warranties that Securranty sold after that date. (Doc. No. 37-1.) Plateau argues that granting leave to amend under Rule 15(a)(2) is appropriate and that the *Grand Trunk* factors weigh in favor of the Court exercising its discretion to hear Plateau's proposed declaratory-judgment claim. (Doc. No. 38.) Securranty states in response that it agrees with the declarations Plateau seeks. (Doc. No. 42.) However, rather than allowing Plateau to amend its complaint to seek formal legal declarations under the Declaratory Judgment Act, Securranty opposes granting leave to amend on the ground that the proposed claim would be futile. (*Id.*) Specifically, Securranty argues that, because "the parties actually agree on the desired declaration[,]" "there is no live controversy, [and] a declaratory judgment is inappropriate." (*Id.* at PageID# 299.) Plateau argues in reply that there is indeed a live controversy because Securranty represented to customers that Plateau insured extended warranties issued after December 31, 2021, and Plateau seeks a legal declaration to protect it from potential claims from those third-party customers. (Doc. No. 46.) Plateau further argues that Securranty has not shown that the proposed declaratory-judgment claim is futile because Securranty has not analyzed all five *Grand Trunk* factors in light of the facts of this case. (*Id.*)

The Court finds that Plateau's proposed declaratory-judgment claim is not clearly futile and that leave to amend should therefore be granted. *See* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1487 (3d ed. updated July 12, 2022) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper."). Plateau seeks a remedy that is not rendered moot by Securranty's agreement as to the date on which their agreement terminated and Plateau's continuing obligations. And Plateau identifies outstanding factual disputes that are not resolved by Securranty's agreement.

Securranty also opposes the amendment made in paragraph twenty-six of Plateau's proposed amended complaint. (Doc. No. 42.) That paragraph alleges, in relevant part, that:

> 26. Securranty's oral and written representations to Plateau on January 26, 2022 that it had removed Plateau from new contracts being issued were false when made. After January 26, 2022, Securranty continued to provide a PROTECTION PLAN SUMMARY FOLLOWED BY TERMS & CONDITIONS ("Terms and Conditions," **Exhibit B** hereto), to customers, which falsely represented that Plateau backed Securranty's warranties, as excerpted below . . . .

(Doc. No. 37-1, PageID# 233, ¶ 26.) Securranty argues generally that this is "an inflammatory, irrelevant allegation whose only purpose appears to be to harass Securranty and sully its reputation." (Doc. No. 42, PageID# 302.) Plateau replies that this paragraph is substantially similar to paragraph twenty-two of the original complaint, which states:

> 22. On a January 26, 2022 telephone call, Securranty's Sadiq Dosani told Plateau that Securranty had stopped issuing new policies backed by Plateau. This statement by Sadiq Dosani was false when it was made. Securranty continued to issue warranties backed by Plateau paper after January 26, 2022. It is unknown whether Securranty continues to sell direct [Plateau] insurance policies. Securranty has not provided Plateau with proof that it has a new carrier.

(Doc. No. 46, PageID# 343 (quoting Doc. No. 1, PageID# 5, ¶ 22).) In its answer to the original complaint, Securranty admitted that it "said it had stopped issuing policies backed by Plateau" but denied the remaining allegations in paragraph twenty-two. (Doc. No. 39, PageID# 285, ¶ 22.)

The Court finds no indication of bad faith, undue prejudice, or any other ground sufficient to justify denying leave to amend under Rule 15(a) with respect to these allegations. The allegation and Securranty's response represent a disputed issue to be developed and resolved as the litigation progresses.

Plateau's motion for leave to amend will therefore be granted.

B.  **Securranty's Motion for a Protective Order**

The scope of discovery in civil litigation falls within the sound discretion of the trial court. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). "Unless otherwise limited by court order," Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding the discovery of certain information. Fed. R. Civ. P. 26(c)(1). The party seeking the protective order bears the burden to show good cause "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Trial courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Securranty argues that interrogatories one through seven and document requests one, two, and seven "were relevant, if at all, to Plateau's Lanham Act claim" and that, "[w]ith that claim dismissed, Securranty should not be obligated to respond." (Doc. No. 41, PageID# 293.) It further argues that these discovery requests "appear[ ] to be nothing more than an attempt to try and use the tools of civil discovery to seek out some way to claim publicly, as a pressure tactic, that

Securranty is in violation of some law." (*Id.* at PageID# 296.) Plateau responds that these discovery requests are relevant to its breach-of-contract claim because the requested information "relates to whether Securranty breached the Agreement, the period of contract damages and the extent to which Plateau is entitled to contract damages, and the credibility and veracity of Securranty's principal." (Doc. No. 43, PageID# 304.) Securranty did not file a reply in support of its motion for a protective order.

Securranty has only advanced "'stereotyped and conclusory statements'" supporting its motion for a protective order and therefore has not shown the good cause required to grant its motion. *See Serrano*, 699 F.3d at 901 (quoting *Nemir*, 381 F.3d at 550). Its motion will be denied, and Securranty will be ordered to respond to Plateau's discovery requests.

**III.     Conclusion**

For these reasons, Plateau's motion for leave to file an amended complaint (Doc. No. 37) is GRANTED. The Clerk of Court is DIRECTED to file Plateau's proposed amended complaint (Doc. No. 37-1) as a separate docket entry.

Securranty's motion for a protective order (Doc. No. 40) is DENIED. Securranty is ORDERED to supplement its responses to Plateau's written discovery requests by April 12, 2023.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge